**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASMINE M. MATSUKADO, | No. 20-15727 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 1:19-cv-00045-LEK-KJM |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted November 17, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, McKEOWN, Circuit Judge, and MOLLOY,[***]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Jasmine Matsukado appeals the district court's order affirming the Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's order affirming the denial of benefits and will reverse only if the decision of the administrative law judge ("ALJ") contains legal error or is not supported by substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1153-54 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). Even when the ALJ errs, we may affirm its decision when the error is harmless. *Id.* at 1154. We affirm.

I

The ALJ did not commit reversible legal error by dismissing portions of Matsukado's subjective symptoms testimony as inconsistent with evidence in the record. The ALJ failed to identify with sufficient specificity "*which* part of [Matsukado]'s testimony" it was dismissing. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). But because the ALJ gave little weight to medical opinion evidence that was substantially similar to Matsukado's testimony, we can reasonably discern which specific portions of her testimony the ALJ found not credible. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Therefore, this error was harmless. *See id.*

Additionally, the ALJ provided "specific, clear, and convincing" reasons, supported by substantial evidence, for discrediting these portions of Matsukado's testimony. *Burrell*, 775 F.3d at 1137-38. Matsukado's activities of daily living from the time of her alleged disability onset date—which have included driving, shopping in stores, daily exercise, some work activity, and going camping—and her recent medical history—which indicates conservative treatment and good progress at physical therapy—are inconsistent with the severe disabling limitations she alleges. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (holding ALJ may discount claimant's subjective symptom testimony based on inconsistencies with evidence of daily activities like cleaning, driving, and seeking employment post-onset); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (affirming ALJ's reliance on claimant's favorable response to "conservative treatment[,] including physical therapy," in discrediting claim of disabling pain). And even if this evidence is "susceptible to more than one rational interpretation, it is the ALJ's conclusion" we must uphold. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

II

The ALJ did not err in assigning little weight to the medical opinion of Matsukado's treating physician, Dr. Kipta. As the ALJ discussed, Dr. Kipta met

with Matsukado only twice, and the severe limitations he assessed conflicted with her aforementioned activities of daily living. These are "specific and legitimate reasons that are supported by substantial evidence" for discrediting a treating physician's opinion. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017); *see also Holohan v. Massanari*, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001) ("Under certain circumstances, a treating physician's opinion on some matter may be entitled to little if any weight. This might be the case, for instance, if the treating physician has not seen the patient long enough to 'have obtained a longitudinal picture' of the patient's impairments . . . ." (quoting 20 C.F.R. § 404.1527(d)(2)(i) (current version at 20 C.F.R. § 404.1527(c)(2)(i))); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming dismissal of a treating physician's opinion where the purported "restrictions appear to be inconsistent with the level of activity that [the claimant] engaged in").

**AFFIRMED.**